CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 16, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

COREY RICHARD PARTON,   )
    Plaintiff,   )   Civil Action No. 7:25-cv-00536
       )
v.   )
       )   By: Elizabeth K. Dillon
WEXFORD HEALTH SOURCES, *et al.*,   )   Chief United States District Judge
    Defendants.   )

**MEMORANDUM OPINION AND ORDER**

*Pro se* plaintiff Corey Richard Parton, currently an inmate at FCI Ashland in Kentucky, filed this 42 U.S.C. § 1983 complaint alleging deliberate indifference to his serious medical needs. (*See* Dkt. No. 76, Am. Compl.) Parton's allegations relate to when he was housed at the Western Virginia Regional Jail Authority. Parton alleges that he suffers from mast cell activation syndrome and histamine intolerance. Parton has sued Wexford Health Sources, Inc., Dr. Saxena, Dr. Faber, and Nurse Dennison.

Parton filed a motion for a preliminary injunction. In this motion, Parton alleges "repeated deliberate indifference to my severe medical condition" and "malicious treatment from Wexford Health employees . . . ." (Dkt. No. 54.) Parton asserts that he needs to "be housed in a proper medical facility where I can receive proper assessment and hopefully repairs to the damage that has been done at the hands of Wexford for the extended time that I am incarcerated by the Commonwealth of Virginia and the Federal Government." (*Id.* at 2.)

A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555

U.S. 7, 20 (2008).  In the context of the administration of a prison, injunctive relief should be granted only in compelling circumstances.  *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994).  The judiciary grants "wide ranging deference" to prison administrators on matters within their discretion.  *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

As an initial matter, plaintiff has not established that he is likely to succeed on the merits of his claims in this lawsuit.  Currently pending is a motion to dismiss filed by defendants, arguing that plaintiff has not stated any plausible claims for relief.  If granted, this would be dispositive of all claims in this case.  Moreover, the relief requested by Parton—placement in a "proper" medical facility—is unrelated to the claims in this case, because these defendants do not have the authority to change or alter Parton's current placement in a federal prison.  While a "preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit."  *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945); *see also Brooks v. Zorn*, No. 2:22-cv-00739-DCN-MHC, 2024 WL 1571688, at *6 (D.S.C. Apr. 11, 2024) (denying motion that "seeks injunctive relief unrelated to his complaint against non-parties to this lawsuit") (citing *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).  Finally, as the court noted in a previous order denying injunctive relief in this case, a "prisoner's transfer moots his claims for injunctive relief arising at a prior facility."  (Dkt. No. 52.)

For these reasons, it is HEREBY ORDERED that plaintiff's motion for injunctive relief (Dkt. No. 54) is DENIED.  The Clerk shall send a copy of this memorandum opinion and order to plaintiff and to all counsel of record.

Entered: June 16, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge